WILLIAM PRITCHETT *et al.*, plaintiffs in error, *vs.* P. & J. M. PATTERSON, defendants in error.

Whilst this court is not exactly satisfied with the judgment of the court below, yet as the case is one of granting a new trial so that the parties may have another hearing, we do not think there has been such an

abuse of the discretion vested by law in the judge of the superior court to grant a new trial on the ground of the verdict being contrary to the weight of the evidence, as to require a reversal of his judgment.

New trial. Before Judge KNIGHT. Gilmer Superior Court. May Term, 1873.

P. & J. M. Patterson brought complaint against William Pritchett, Jones Pritchett and Henry Pritchett, as surviving makers, on a note made by said defendants, together with Messer Pritchett, deceased, on December 22d, 1857, payable five years after date to plaintiffs, or bearer, with interest from date, for $500 00, with a credit thereon of $192 00, of date December 13th, 1863.

The defendants pleaded as follows:

1st. Tender in 1863 of the full amount due on said note to Jeptha Patterson, the agent of the plaintiffs to collect the same; that the tender was made in Confederate money, which said agent had promised to receive, but which he subsequently refused to accept, by means of which said amount was lost to the defendants.

2d. That the plaintiffs, in selling the land for which said note was given, showed to the defendants lot number three hundred and twenty-one, in the sixth district and second section of Gilmer county, as one to be sold to them, to which lot they never had any title; that when the bond for titles was executed, lot number three hundred and twenty was inserted, plaintiffs representing that it was the lot which had been exhibited to the defendants; that lot number three hundred and twenty-one, the lot really shown to defendants, exceeded in value lot three hundred and twenty, the one actually embraced in the bond, by $250 00; that the plaintiffs agreed to deduct the difference in value between said lots from said note, but thus far have failed to comply with said undertaking.

3d. That defendants paid the plaintiffs in 1858, $125 00 on said note, in a horse sold to them, which credit has never been entered thereon.

The plaintiffs introduced the note sued on and closed. The

defendants testified substantially to the facts set forth in the pleas. Austin Painter, Riley Minton and James Head sustained the third plea. Head testified, in addition, that lot three hundred and twenty-one is worth $250 00 more than lot three hundred and twenty.

It was admitted by the plaintiffs that Jeptha Patterson was their agent to collect the note sued on.

The evidence of the plaintiffs and of their agent flatly contradicted the testimony of the defendants in every material point. The plaintiffs stated that it was impossible for there to have been any mistake as to the lots sold; that defendants were better acquainted with said lots than the plaintiffs, as William Pritchett had been living on the land for two or three years before the sale; that the land was sold by the plat and grant, which the parties had before them; that William Pritchett traced the lines by the plat and grant before the plaintiffs purchased the property.

The evidence of the plaintiffs as to the sale of the horse to them by the defendants for $125 00, to be entered as a credit on the note, was excluded, upon the ground that the testimony disclosed that if such sale was made at any time, Messer Phitchett, since deceased, was the other contracting party.

The jury returned a verdict for the defendants. The plaintiffs moved for a new trial, because the verdict was contrary to the law and the evidence. The motion was sustained, and defendants excepted.

Thomas F. Greer, for plaintiffs in error.

J. A. Jervis; C. D. Phillips, for defendants.

Trippe, Judge.

As reluctant as this court is to interfere with the discretion of the judge of the superior court when he refuses to grant a new trial on the ground that the verdict is contrary to the evidence or the weight of the evidence, it is still more disinclined to control that discretion when a new trial is granted on that ground.

In this case, had the new trial been refused, we would not have reversed the judgment; and though we are not exactly satisfied with its being granted, yet as thereby the parties will have another hearing, and there is certainly strong evidence against the verdict, we permit the judgment to stand. The plea of tender, and the testimony of one of the plaintiffs affirming it, is at least very suggestive against a portion of the defense set up, and which was sustained by the verdict.

Judgment affirmed.